IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) Criminal No. 10-144-3 |
| JASON SHERAW, | ) |
| Defendant | ) |

MEMORANDUM OPINION

Introduction

On January 14, 2013, defendant Jason Sheraw ("Sheraw") pleaded guilty to wire fraud conspiracy at count one of the Superseding Indictment filed at Criminal Action No. 10-144. On October 8, 2013, the court sentenced Sheraw to 6 months of imprisonment and ordered him to pay restitution. The criminal case was closed.

Pending before the court is a pro se motion filed by Sheraw in the closed criminal case (ECF No. 473). Sheraw reports that since his conviction he has started a business, become a husband and father, written a book and paid his debt to society. Sheraw explains that he is having difficulty putting his past behind him because a "google search" on his name returns numerous documents about his criminal background. Governmental documents about the criminal case, including documents involving Sheraw's codefendant, appear in the search results before Sheraw's business listing. Sheraw asserts that the search results cause him and his family grief and embarrassment and hurt his chances of operating a successful appraisal business. Sheraw reports that several private entities have removed similar search results by using a

1

process called "Robotics Exclusion Protocol."  Sheraw asks the court to order the Federal Bureau of Investigation ("FBI"), Department of Justice ("DOJ") and GovInfo.gov to undertake a similar process to remove government documents from the search results.  Sheraw did not cite to any caselaw or submit a proposed order or explain precisely what relief he is asking the court to impose.  The court was unable to locate any decisions involving the "Robotics Exclusion Protocol" in its independent legal research.

The government filed a short, unhelpful, response in opposition to Sheraw's motion (ECF No. 475).  The government simply asserted – without citation to any authority – that the government has the right to release statements about criminal conduct to the public.

The motion is now ripe for disposition.

Discussion

As an initial matter, it appears that this closed criminal case is not the appropriate forum to resolve Sheraw's motion.  In *United States v. Dunegan*, 251 F.3d 477, 478–79 (3d Cir. 2001) (involving a request from a former police officer to expunge old criminal records in a case in which he was acquitted), the court of appeals held that ancillary jurisdiction cannot be used in a closed federal criminal case to contemplate a petition for the expungement of a criminal record. As the court understands Sheraw's motion, he is seeking something akin to an expungement, i.e., a kind of technological redaction so that his criminal history is not produced in response to a "google search" on his name; Sheraw does not challenge the validity of the underlying conviction.  In *United States v. Rowlands*, 451 F.3d 173, 178 (3d Cir. 2006) (defining expungement as a request for the court to destroy or seal records about a conviction, but not the

conviction itself), the court held that federal courts lack jurisdiction over petitions for expungement when the validity of the underlying criminal proceeding is not challenged. In summary, Sheraw cannot obtain the relief he seeks in this closed criminal case.

If Sheraw attempts to obtain relief by filing a new civil lawsuit alleging defamation or a violation of his right to privacy, he would face a myriad of obstacles to success. Because such a claim is not before the court, it will not address those obstacles at length. For example, Sheraw should consider that an individual does not have a constitutionally-protected interest in his reputation alone. Instead, a plaintiff must allege a "stigma-plus" claim. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006) ("to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation *plus* deprivation of some additional right or interest") (emphasis in original). In *Paul v. Davis*, 424 U.S. 693, 712 (1976) (involving a plaintiff who was identified by name and photograph as an active shoplifter on a flyer which was distributed among merchants by police chiefs), the Supreme Court held that the plaintiff's interest in reputation was not constitutionally protected. In *Randall v. Facebook, Inc.*, 718 F. App'x 99, 101 (3d Cir. 2017), the court rejected a stigma-plus claim based on a press release that defamed the plaintiff and limited his future prospects for employment, citing *Paul*. *See Rowland*, 451 F.3d at 179 (difficulty finding employment is a common consequence of conviction and not grounds for expungement). Sheraw should also consider that there is a presumption in favor of public access to court documents. *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 670 (3d Cir. 2019); *United States v. Wilder*, No. CR 03-72, 2019 WL 1745794, at *1 (W.D. Pa. Apr. 18, 2019) ("First Amendment public right of access applies to various aspects of a criminal trial"). To the extent that Sheraw contemplates seeking

relief against an internet provider such as Google, he must overcome the broad immunity enacted by Congress in the Communications Decency Act, 47 U.S.C. § 230(c)(1). *Lewis v. Google, Inc.*, No. CV 20-1784, 2021 WL 211495, at *1 (W.D. Pa. Jan. 21, 2021).

Conclusion

In accordance with the foregoing, Sheraw's motion for miscellaneous relief (ECF No. 473) will be DENIED. The denial, however, will be without prejudice to Sheraw's ability to file a new civil lawsuit if he is able to allege a cognizable claim.

An appropriate order follows.

By the court:

Date: February 16, 2022

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge